**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSEPH LEE ADKINS #2222470** | § | |
| | § | |
| **V.** | § | **A-20-CV-950-RP** |
| | § | |
| **DAVID SLAYTON, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. For the reasons set forth below, the undersigned finds that Plaintiff's complaint should be dismissed.

STATEMENT OF THE CASE

Plaintiff originally filed his civil rights complaint in state court. At the time he filed his complaint he was incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted in Upshur County of two counts of murder and one count of aggravated assault with a deadly weapon. On October 9, 2018, he was sentenced to life imprisonment for the murders and 20 years for the aggravated assault.

In his civil rights complaint Plaintiff alleges the criminal courts in Upshur County are illegally prosecuting criminal defendants on informations in the absence of waivers and without grand jury indictments. Plaintiff claims David Slayton, Executive Director of the Office of Court Administration, is aware of this. Plaintiff further alleges his defense attorneys, John Moore and Jason Cassel, acted in concert with the trial judge and prosecutor and prosecuted him on felony informations in the absence of any waivers and in violation of his right to a grand jury indictment.

Plaintiff also asserts he was deprived of a copy of the Findings and Fact and Conclusions of Law issued by the trial court in his state habeas corpus proceedings. Plaintiff contends Karen Bunn, Upshur County District Clerk, had a ministerial duty to provide him with the Findings and Fact and Conclusions of Law. He claims he is unable to file a federal application for habeas corpus relief without the findings. Plaintiff believes his defense attorneys worked in concert with the District Clerk to deprive him of the findings.

Plaintiff sues Executive Director David Slayton, Upshur County District Clerk Karen Bunn, Upshur District Attorney Billy W. Byrd, Attorney John Moore, Attorney Jason Cassel, and Judge Lauren Parish. He seeks $10,000 in compensatory damages against Defendant Bunn, $50,000 in punitive damages against Defendant Bunn, $10,000 in compensatory damages against Defendant Slayton, $50,000 in punitive damages against Defendant Slayton, $100,000 in compensatory damages against Defendants Moore and Cassel, $200,000 in punitive damages against Defendants Moore and Cassel, and unspecified declaratory and injunctive relief against all defendants.[1]

Defendants removed this case to federal court from the 459th Judicial District Court of Travis County, Texas. Defendants Byrd and Bunn move to dismiss or transfer the case due to improper venue. Alternatively, Defendants Byrd and Bunn move to dismiss the case on the merits. The remaining defendants filed answers in state court but have not filed motions after the case was removed to federal court. Plaintiff did not file responses to the motions filed by Defendant Byrd and Bunn.

---

[1] Plaintiff does not seek monetary damages against Judge Lauren Parish or Upshur County District Attorney Billy W. Byrd. The Court notes these defendants are protected in their individual capacities by judicial immunity or prosecutorial immunity and in their official capacities by Eleventh Amendment Immunity.

DISCUSSION AND ANALYSIS

A.   Screening Under 28 U.S.C. § 1915A

The Court is required to screen a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.   District Clerk Karen Bunn

Plaintiff fails to state a claim upon which relief can be granted against Defendant Bunn in her individual or official capacity. To the extent Plaintiff sues District Clerk Karen Bunn he fails to allege she was personally involved in the alleged constitutional violations. This failure is fatal to his claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing "[p]ersonal involvement is an essential element of a civil rights cause of action"). "Supervisory officials are not liable under § 1983 for the actions of subordinates on any theory of vicarious liability;" they must have been "personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct

that is causally connected to the constitutional violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017).

To the extent Plaintiff sues District Clerk Karen Bunn in her official capacity his claims are construed as claims brought against Upshur County. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Upshur County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff fails to identify a policy, practice or custom of Upshur County that caused a deprivation of his constitutional rights.

Moreover, state court records reflect Plaintiff filed an original mandamus action against Defendant Bunn in the Texas Court of Criminal Appeals due to her alleged failure to provide Plaintiff with a copy of the Findings of Fact and Conclusions of Law. That action is still pending. However, his state court criminal records reflect Plaintiff was mailed copies of the findings in July

2020 after Defendant Bunn was notified of the mandamus petition but not before Plaintiff mailed his civil rights complaint to state court.

      C.      Executive Director David Slayton

Plaintiff's claims seeking monetary relief against David Slayton in his official capacity as Executive Director of the Office of Court Administration are barred by the Eleventh Amendment. The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).

To the extent Plaintiff sues Defendant Slayton in his individual capacity Plaintiff fails to allege Slayton was personally involved in the alleged constitutional violation. As mentioned above, this failure is fatal to his claims.

      D.      Defense Attorneys Moore and Cassel

Plaintiff fails to state a valid claim against Defendants Moore and Cassel, because they are not state actors. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27

(1980).  To prevail on a Section 1983 conspiracy claim against an otherwise private party, the plaintiff must allege and prove an agreement between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement.  *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983.  *See O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972); *Shapley v. Green*, 465 F.2d 874 (5th Cir. 1972).  Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law.  *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985).  Plaintiff's conclusory allegations are insufficient to demonstrate his defense attorneys conspired with state actors to violate his constitutional rights.

    E.    <u>Heck v. Humphrey</u>

Plaintiff's claims challenging his convictions are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994).  In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

State court records reflect that on October 9, 2018, pursuant to a plea agreement, Plaintiff waived his right to have the grand jury review his murder cases, pleaded guilty to two counts of murder, and pleaded guilty to an indictment charging him with aggravated assault with a deadly weapon.  Plaintiff

6

waived his right to appeal but challenged his convictions in a state application for habeas corpus relief. The Court of Criminal Appeals denied his application on October 23, 2019, on the findings of the trial court without a hearing. Plaintiff admits he has not yet filed a federal application for habeas corpus relief. As Plaintiff does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus, his claims are barred by *Heck*.

    F.        Habeas Claims

Plaintiff does not specify the declaratory or injunctive relief he seeks. To the extent Plaintiff challenges his convictions and seeks a speedier release, he must seek such relief in an application for habeas corpus relief. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Having said this, the Court should decline to construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375, 124 S. Ct. 786 (2003).

Moreover, venue over a habeas corpus claim would be improper in this Court. Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Petitioner is confined in the Smith Unit of the Texas Department of Criminal Justice which is within the geographical boundaries of the Lubbock Division of the Northern District of Texas. Petitioner

was convicted and sentenced by a judicial district court in Upshur County, Texas, which is within the geographical boundaries of the Marshall Division of the Eastern District of Texas.

## RECOMMENDATION

It is therefore recommended that Plaintiff's habeas corpus claims be **DISMISSED WITHOUT PREJUDICE** to refiling in an application for habeas corpus relief in a court with proper venue, Plaintiff's claims against Defendant Karen Bunn be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, Plaintiff's claims against Defendant David Slayton in his official capacity for monetary damages be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, Plaintiff's claims against Defendant David Slayton in his individual capacity be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted and alternatively be **DISMISSED WITH PREJUDICE** until the *Heck* conditions are met, Plaintiff's claims against Defendants John Moore and Jason Cassel be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted and alternatively be **DISMISSED WITH PREJUDICE** until the *Heck* conditions are met, and Plaintiff's claims against Defendants Byrd and Parish be **DISMISSED WITH PREJUDICE** until the *Heck* conditions are met.

It is further recommended that all pending motions be **DISMISSED WITHOUT PREJUDICE** as moot.

It is finally recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other

actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 1st day of March, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE